L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd.
Suite 310
Beverly Hills, CA 90211
800-219-3577
323-207-3885
pmankin@paulmankin.com

Attorney for Plaintiff **MARIA S. MELGOZA**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA S. MELGOZA, an individual**<br><br>Plaintiff,<br><br>vs.<br><br>**EQUIFAX, INC., AND DOES 1 THROUGH 10,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681,** *et seq.* |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

MARIA S. MELGOZA ("Plaintiff"), through her attorney, The Law Office of L. Paul Mankin, alleges the following against EQUIFAX, INC. ("EQ").

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Report Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appreciate United States District Court, without regard to the amount in controversy."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants transact business here, and in that the conduct complained of occurred here. Plaintiff is also a resident within this District and a substantial part of Plaintiff's claims arose in this District.

## II. PARTIES

4. Plaintiff is a natural person residing in Los Angeles County in the State of California, and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5. Equifax is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of furnishing to third parties reports of consumers' credit histories, commonly referred to as "credit reports", and defined as "consumer reports" under 15 U.S.C. § 1681a and Cal. Civ. Code § 1785.3(c) (hereinafter, "Credit Reports"). EQUIFAX uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f). Likewise, EQUIFAX is a "consumer reporting agency" within the meaning of CCRAA, Cal. Civ. Code § 1785.3(d).

6. Upon information and belief, Defendant EQ is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumers reports, as defined in 15 U.S.C. § 1681(d).

7. At all times pertinent hereto, Defendants were "person(s)" as that term is defined by 15 U.S.C. § 1681a(b).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureities, subrogees, representatives, and insurers.

9. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive.

10. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

### III. FACTUAL ALLEGATIONS

11. In December 2013, Plaintiff obtained her credit report from Defendant EQ because she believed there were several inaccuracies that were negatively impacting her credit score.

12. Upon review of her consumer credit report provided by Defendant EQ, Plaintiff found that a balance for Nycb Mortgage Company, LLC was reporting a balance following Plaintiff's Chapter 7 discharge.

13. On July 30, 2013, Plaintiff filed a no asset Chapter 7 bankruptcy case in the Central District of California.

14. Plaintiff listed creditor Nycb Mortgage Company, LLC as a creditor in her bankruptcy schedules.

15. Plaintiff did not sign and file a reaffirmation agreement with Nycb Mortgage Company, LLC.

16. On November 4, 2013, Plaintiff received a discharge in her no asset Chapter 7 bankruptcy case.

17. On January 17, 2014, Defendant EQ received a dispute letter sent certified mail from Plaintiff providing information about Plaintiff's Chapter 7 discharge including the discharge order and creditor list.

18. Over thirty (30) days thereafter, Plaintiff requested her credit report from Defendant EQ.

19. Plaintiff received a credit report from Defendant EQ dated March 14, 2014. In this credit report there is a tradeline for Nycb Mortgage Company, LLC. Under the tradeline it states that Plaintiff owes an outstanding balance of $79,613. The tradeline also does not include the statement that this account was included in a Chapter 7 bankruptcy or any variation of such statement.

20. In addition to receiving Plaintiff's dispute letter, through a computerized court reporting service known as PACER, Defendant EQ obtains access to each and every discharge order issued by a U.S. Bankruptcy Court in Chapter 7 proceedings. Defendant EQ had access to Plaintiff's discharge order along with a list of each debt and creditor that was discharged.

### COUNT I: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681(e)(b) AND CAL. CODE § 1785.14(b)
### (Against Defendant EQ)

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. Defendant EQ regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

23. Defendant EQ uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within

the meaning of 15 U.S.C. § 1681a(f). Defendant EQ is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

24. In preparing Credit Reports, Defendant EQ has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

25. As a result of Defendant EQ's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant EQ has erroneously reported as "due and owing" one or more of the discharged debts of Plaintiff.

26. Defendant EQ's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

27. As a result of Defendant EQ's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.17(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

28. As a further result of Defendant EQ's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff suffered damages to her credit rating, reputation, credit worthiness, and other actual damages.

**COUNT II: NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPROTS IN VIOLATION OF 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.17(b)**
**(Against Defendant EQ)**

29. Plaintiff reincorporates by reference all of the preceding paragraphs.

30. In preparing credit reports relating to Plaintiff, Defendant EQ has failed to follow reasonable procedures to assure maximum accuracy of information it put in Plaintiff's Credit Report in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

31. As a result of Defendant EQ's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant EQ has erroneously reported one or more of the discharged debts of Plaintiff's as "due and owing" in its Credit Report.

32. Defendant EQ's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively.

33. As a result of Defendant EQ's negligent violation with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff has suffered damage to her credit, reputation, credit worthiness, and other actual damages.

## COUNT III: WILLFUL FAILURE TO REASONABLY REINVESTIGATE IN VIOLATION OF 15 U.S.C. § 1681i(a) and Cal. Civ. Code § 1785.16
### (Against Defendant EQ)

34. Plaintiff reincorporates by reference all of the preceding paragraphs.

35. Defendant EQ has failed to use reasonable reinvestigation practices for ascertaining the accuracy of information relating to the discharged debts of Plaintiff that Defendant EQ erroneously reported as "due and owing" in Plaintiff's Credit Report.

36. As a result of Defendant EQ's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Defendant EQ has continued to erroneously report the discharged debt of Plaintiff's as "due

and owing" in its credit reports relating to Plaintiff after having been notified that the information is disputed.

37. Defendant EQ's failure to comply with the requirements of 15 U.S.C. § 1681(a)(1) and Cal. Civ. Code § 1785.16 is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

38. As a result of Defendant EQ's willful noncompliance with the requirements of 15 U.S.C. § 1681(a)(1) and Cal Civ. Code § 1785.16, Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

39. As a result of Defendant EQ's negligent violation with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff has suffered damage to her credit, reputation, credit worthiness, and other actual damages.

### COUNT IV: NEGLIGENT FAILURE TO REASONABLY REINVESTIGATE IN VIOLATION OF 15 U.S.C § 1681i(a) and Cal. Civ. Code § 1785.16

40. Plaintiff reincorporates by reference all of the preceding paragraphs.

41. Defendant EQ has failed to use reasonable reinvestigation practices for ascertaining the accuracy of information relating to the discharged debts for Plaintiff that Defendant EQ has as "due and owing".

42. As a result of Defendant EQ's failure to conduct reasonable reinvestigations in accordance with the requirement of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Defendant EQ has continued to erroneously report the discharged debt of Plaintiff as "due and owing" in its Credit Reports relating to Plaintiff aster having been notified that Plaintiff disputes that information.

43. Defendant EQ's failure to comply with the requirements f 15 U.S.C § 1681i(a)(1) and Cal. Civ. Code § 1785.16 is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

44. As a result of Defendant EQ's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under 15 Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

45. As a result of Defendant EQ's negligent violation with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff has suffered damage to her credit, reputation, credit worthiness, and other actual damages.

Wherefore, Plaintiff respectfully prays:

1. That the practices and procedures of Defendant EQ complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the FCRA, the CCRAA, and UCL;

2. That a permanent injunction be issued requiring Defendant EQ to adopt investigation and reinvestigation practices in accord with the requirements of FCRA, the CCRAA, and the UCL;

3. That in accordance with 15 U.S.C. § 1681n(a) and 1681o(a) and Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), judgment be entered in favor of Plaintiff against Defendant EQ for statutory, actual damages and/or punitive damages in amounts to be determined at trial;

4. That, in accordance with 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) and Cal. Civ. Code §§ 1785.31(a),(d), and (e), Plaintiff be awarded the costs of this action together with reasonable attorney's fees as the Court may determine;

5. That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

<u>**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**</u>

Respectfully submitted this May 12, 2014

By: _____
L. Paul Mankin, Esq.
Law Office of L. Paul Mankin IV,
Attorney for Plaintiff